UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

**Case Number: 15-61758-CIV-MORENO**

SINDY TERMILUS,

        Plaintiff,

vs.

MARKSMAN SECURITY CORPORATION,

        Defendant.

_____/

## ORDER DENYING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS AS TO COUNT I OF PLAINTIFF'S COMPLAINT

THIS CAUSE came before the Court upon Defendant's Motion for Judgment on the Pleadings as to Count I of Plaintiff's Complaint **(D.E. 18)**, filed on **February 1, 2016**. Count I of Plaintiff's Complaint is for "hostile work environment" sexual harassment pursuant to Title VII of the Civil Rights Act of 1964. Count I alleges that Plaintiff was sexually harassed during her employment with Defendant by her supervisor, Alfonso Romero, that Plaintiff notified Defendant of Romero's conduct, that Defendant failed to take appropriate corrective action, and that Romero's conduct was "severe and pervasive" enough "to unreasonably interfere with [Plaintiff]'s physical health [sic] [and] work performance and to create an intimidating, hostile and offensive working environment." Compl. at ¶¶ 34–40. Defendant argues that Romero's harassment was not "severe" or "pervasive" enough—as a matter of law—to support Plaintiff's Title VII claim.

Pursuant to Federal Rule of Civil Procedure 12(c), after the pleadings are closed, a party may move for judgment on the pleadings if there are no material facts in dispute, and judgment

may be rendered by considering the substance of the pleadings and any judicially noticed facts. *See* Fed. R. Civ. P. 12(c); *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998). A motion for judgment on the pleadings is governed by the same standard as a Rule 12(b)(6) motion to dismiss. *See Nat'l Union Fire Ins. Co. of Pittsburgh v. Florida*, NO. 14–CIV–81134, 2016 WL 237253, at *2 (S.D. Fla. Jan. 19, 2016) (citing *ThunderWave, Inc. v. Carnival Corp.*, 954 F. Supp. 1562, 1564 (S.D. Fla. 1997)). Thus, in considering a Rule 12(c) motion, a court must accept all allegations in the complaint as true and construe them in the light most favorable to the nonmoving party. *See id.*

THE COURT has considered the Motion, Plaintiff's Response to the Motion (D.E. 23), Defendant's Reply (D.E. 24), the pertinent portions of the record, and is otherwise fully advised in the premises. The question of whether Romero's harassment of Plaintiff was "severe" or "pervasive" enough involves both a subjective and objective analysis. *See Mendoza v. Borden, Inc.*, 195 F. 3d 1238, 1246 (11th Cir. 1999). To be objectively severe and pervasive enough, the conduct must be viewed from the perspective of a "reasonable person in plaintiff's position, considering 'all the circumstances.'" *Id.* Viewed in the light most favorable to Plaintiff, the allegations contained in the Complaint—especially those in paragraph 15—demonstrate that Romero's conduct was objectively severe and pervasive enough to sustain a claim for "hostile work environment" sexual harassment. *See* Compl. at ¶ 15.

In support of its Motion, Defendant cites several cases where courts found that the severity of the actions at issue fell short of what is necessary to sustain a claim for "hostile work environment" sexual harassment. *See Mendoza*, 195 F. 3d at 1238; *Grice v. Air Products and Chemicals, Inc. and Limerick*, No. 3:98-CV-205-RV, 2000 WL 353010, at *8 (N.D. Fla. Feb. 17, 2000); *Weiss v. Coca Cola Bottling Co. of Chicago*, 990 F.2d 333, 337 (7th Cir. 1993). In all

2

these cases, however, the courts found in favor of the defendants on summary judgment or as a matter of law after trial, and not at the pleadings stage. *See Mendoza*, 195 F. 3d at 1241–42; *Grice*, 2000 WL 353010, at *1; *Weiss*, 990 F.2d at 334. At best, therefore, Defendant's Motion is premature.

There is also an element of coerciveness to Romero's alleged conduct—when viewed from the perspective of a reasonable person in Plaintiff's position, considering all the circumstances—that makes it particularly severe. Plaintiff alleges that when Romero was making lewd comments and acting in a lewd manner toward Plaintiff, Romero knew that Plaintiff's minor son had been diagnosed with a brain tumor and that Plaintiff "desperately needed her employment" so that she could "tend to her son's medical needs." Compl. at ¶¶ 17–18. Plaintiff further alleges that Romero threatened Plaintiff "that if it weren't for him [Plaintiff] would not have a job because of all the time she took off." *Id.* These allegations create an inference that Romero targeted Plaintiff because he knew that she feared losing her job and was therefore less likely to report his conduct to Defendant. Therefore, based on the foregoing, it is

**ADJUDGED** that Defendant's Motion for Judgment on the Pleadings as to Count I is **DENIED**.

DONE AND ORDERED in Chambers at Miami, Florida, this ___ of February 2016.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record

3